UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MARK KEATON, )
  )
  Plaintiff, )
  )
v. )
  )        CIVIL NO. _____
  )
DAVE HANNUM, LESLIE SLONE, )
and CHRISTINE ZOOK, )
  )     1:12-cv-0641 SEB-MJD
  Defendants. )

### COMPLAINT

For his complaint against defendants, plaintiff Mark Keaton alleges as follows.

### THE PARTIES

1. Plaintiff Keaton is an individual who resides in Fort Wayne, Indiana.

2. On information and belief, Dave Hannum is an officer with the Indiana University Police Department – Bloomington Division. On information and belief, Hannum resides and works in Monroe County, Indiana. Plaintiff sues Hannum for actions engaged in under color of state law. Plaintiff sues Hannum in his individual capacity.

3. On information and belief, Leslie Slone is an officer with the Indiana University Police Department – Bloomington Division. On information and belief, Slone resides and works in Monroe County, Indiana. Plaintiff sues Slone for actions engaged in under color of state law. Plaintiff sues Slone in her individual capacity.

4. Christine Zook is an individual who resides in Bloomington, Indiana. Plaintiff sues Zook for her role in conspiring with the other defendants who acted under color of state law to deprive plaintiff of rights guaranteed him by the United States Constitution.

## JURISDICTION AND VENUE

5. This case arises under 42 U.S.C. § 1983 and the fourth amendment to the United States Constitution.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343.

7. This Court has personal jurisdiction over each of the defendants because they reside in the State of Indiana, and because the wrongs complained of herein occurred in the State of Indiana.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), on the grounds that defendants reside in this judicial district and on grounds that a substantial part of the events and omissions giving rise to plaintiff's claims occurred within this judicial district.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

9. Between 2005, and 2008, plaintiff and defendant Zook were involved in a romantic relationship.

10. In 2010, Zook communicated with Slone and Hannum with the intent to procure plaintiff's false arrest and with intent to pursue false criminal charges against plaintiff.

11. During their 2010 communications, Zook informed Slone and Hannum of facts demonstrating that plaintiff had not committed any crime against Zook.

12. In 2010, defendants conspired to obtain an unlawful arrest of plaintiff by means of a false probable cause affidavit, in which plaintiff was wrongly accused of having stalked Zook.

13. On May 11, 2010, a false probable cause affidavit executed by Hannum was proffered to the Monroe Circuit Court.

14. The Monroe Circuit Court relied on Hannum's false probable cause affidavit

when it authorized issuance of an arrest warrant against plaintiff on May 11, 2011.

16. Hannum's May 11, 2010 probable cause affidavit contained false factual allegations, the falsity of which was known to defendants prior to submission to the Monroe Circuit Court. In addition, the probable cause affidavit intentionally omitted material facts known to defendants, which omissions rendered the probable cause affidavit false.

16. There was no probable cause for plaintiff's arrest.

17. On May 11, 2010, plaintiff was arrested pursuant to the wrongfully procured arrest warrant.

18. Plaintiff's arrest violated his right to be free from arrest without probable cause, which right is guaranteed plaintiff by the fourth amendment to the United States Constitution.

## COUNT I
## FOR RECOVERY OF DAMAGES PURSUANT TO 42 U.S.C. § 1983
## FOR VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS

19. Plaintiff hereby incorporates paragraphs 1-18 of his complaint as if set forth fully herein.

20. Defendants violated plaintiff's right to be free from unlawful arrest as guaranteed by the fourth amendment to the United States Constitution.

21. Defendant Hannum violated plaintiff's fourth amendment rights by proffering a false probable cause affidavit to the Monroe Circuit Court, with knowledge that the affidavit contained false assertions and with knowledge that the affidavit contained material omissions.

22. Defendant Slone violated plaintiff's fourth amendment rights by, among other things, conspiring with the other defendants in their scheme to unlawfully procure plaintiff's arrest.

23. Defendant Zook violated plaintiff's fourth amendment rights by, among other things, conspiring with the other defendants in their scheme to unlawfully procure plaintiff's arrest.

24. At all material times, defendants were acting under color of state law.

25. As a direct and proximate consequence of defendants' conduct, plaintiff suffered harm.

26. As a direct and proximate consequence of defendants' conduct, plaintiff is entitled to an award of compensatory damages.

27. Defendants' conduct was willful, malicious and intentional, entitling plaintiff to an award of punitive damages.

WHEREFORE, plaintiff Mark Keaton requests that this Court enter judgment in his favor and enter an Order:

    a. Awarding him all available compensatory and equitable damages;

    b. Awarding him punitive damages;

    c. Awarding him costs, prejudgment interest, and attorneys fees; and

    d. Awarding him such other and further relief as may be appropriate.

Dated: May 10, 2012

Respectfully submitted,

_R. Mark Keaton_
R. Mark Keaton
P.O. Box 11208
Ft. Wayne, Indiana 46856
Telephone: (260) 409-7075
**Plaintiff**