UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK KEATON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DAVE HANNUM, | ) |
| LESLIE SLONE, | ) No. 1:12-cv-00641-SEB-MJD |
| CHRISTINE ZOOK, | ) |
| REBA GARDNER, | ) |
| JACKIE DAKICH, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S SECOND MOTION TO COMPEL [DKT. 88] AND DEFENDANT ZOOK'S SECOND MOTION FOR PROTECTIVE ORDER [DKT. 96]**

On February 7, 2013, Plaintiff Mark Keaton filed a Second Motion to Compel. [Dkt. 88.] Defendant Christine Zook's responded to the Second Motion to Compel on February 22, 2013 [Dkt. 95]. The Motion was heard March 5, 2013.

On February 25, 2013, Zook filed a second Motion for Protective Order [Dkt. 96]. Keaton responded thereto on March 15, 2013 [Dkt. 108]. Zook filed a reply on March 21, 2013 [Dkt. 118]. Because this Second Motion for Protective Order was not fully-briefed at the time of the March 5, 2013 hearing, it was not heard at that time.[1]

---

[1] Keaton objects to Zook's filing of a second Motion for Protective Order **after** Keaton field a Second Motion to Compel on the same subject. Keaton requests that the Court "strike Zook's untimely motion for protective order." [Dkt. 108 at 2.] The Court notes that it is unnecessary for the parties to file duplicative motions when the subject of the motion is already before the Court; however, the Court does not find that Zook's Second Motion for Protective Order was "untimely" or that it should be stricken from the record. The Court does caution Zook to be more judicious with the parties' and the Court's resources when filing a motion that is duplicative of an already-pending motion; however, if Zook (or any party) seeks relief from the Court she must do so with a motion. [*See* S.D. Ind. L.R. 7-1.]

1

**I.**     **Background.**

Keaton's Second Motion to Compel and Zook's Second Motion for Protective Order deal with the same documents – eleven emails that Zook produced in Gmail "conversation mode" (or with "auto redaction" as described by Keaton). Zook produced selected emails in a string or thread so that only the email that related to Keaton was produced. Zook argues that the prior communications were not produced because they did not directly relate to Keaton. Keaton argues that he is entitled to the prior communications to understand the basis for the communication that does relate to Keaton. Because both motions deal with the same issue, the Court will address them together.

At issue in both motions are eleven emails attached to Keaton's Second Motion to Compel (Exs. A – L). Zook provided a privilege log with her Reply in Support of Zook's Second Motion for Protective Order [Dkt. 118] that describes all of the emails in the thread associated with Exhibits A through L.

After reviewing Zook's privilege log, it appears that Zook has produced the communications that would constitute the "[Quoted text hidden]" for Exhibits G-L. The Court finds that, based on Zook's representation in the privilege log [Dkt. 118-1], no dispute remains with respect to Exhibits G-L. Additionally, at the hearing on March 5, 2013, the parties indicated that there was no longer an issue with respect to Exhibit A, the July 10, 2009 emails between Zook and Sauer. As a result, the only exhibits for which the quoted text (or previous email communications in the same email conversation) is at issue are Exhibits B-F.[2]

---

[2] It appears that Zook included Exhibit A twice in her privilege log as document 1 and document 2. The log for document 2 contains all of the same entries by date and time as document 1 with the exception of the first document dated 7/10/09 from Sauer to Zook.

**II.     The Requested, Yet Withheld, Communications Are Separate Communications.**

Keaton's Second Motion to Compel appears to be based, in part, on confusion related to the method of producing emails by Zook. As can be seen in Exhibits B-F, those emails were produced with the annotation "[Quoted text hidden]" at the end of the email communication. As a result, it understandably appeared to Keaton that Zook had redacted the produced correspondence without providing a privilege log.[3]

As is explained by Zook and detailed in her privilege log, the "[Quoted text hidden]" is nothing more than previous email communications in the same string of emails or during the same "conversation" in "thread form." Had Zook produced these emails with conversation mode turned off – i.e., not in a thread form where Gmail notes that there are prior email communications in the same "string" of emails – then the notation "[Quoted text hidden]" would not have appeared. The Court understands that it was Zook's intention to only produce the email that related to Keaton and not the prior email communications that she contends are irrelevant.

Keaton's argument for production of the prior email communications in the same thread relates to the Rule of Completeness or Fed. R. Evid. 106, which provides:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time.

Fed. R. Evid. 106. Zook's method of production makes it appear that the email communications are incomplete and were redacted. Had Zook produced the emails in an non-threaded manner, this concern may never have manifested itself.

---

[3] The Court understands that Zook did not produce a privilege log because the Request for Production of Documents at issue, number 5, requested only correspondence "relating in any way to plaintiff" and the email communications in the same thread that did not relate to Keaton were not responsive to Keaton's request and thus, not produced.

3

Zook has produced a privilege log indicating that the prior communications are irrelevant to Keaton and the subject of this dispute. Based on the representations of Zook and her counsel, the Court is inclined to believe that these prior communications between Zook and third parties are irrelevant to this matter. However, to alleviate any concerns that Keaton may have related to the Rule of Completeness and/or relevancy, the Court ORDERS Zook to produce the following documents identified on her privilege log [Dkt. 118-1] for an *in camera* review:

   Document 3 (including 3-1 through 3-5)

   Document 4 (including 4-1 and 4-2)

   Document 5 (including 5-1 through 5-12)

   Document 6 (including 6-1 through 6-6)

   Document 7 (including 7-1 through 7-8)

The Court will review Documents 3-7 *in camera* and to the extent that any of the foregoing documents are relevant to this dispute or must necessarily be produced to satisfy Fed. R. Evid. 106 and the Rule of Completeness, the Court will order them produced.

### III. Conclusion

The Court **DENIES** Plaintiff's Second Motion to Compel and **DENIES** Defendant Zook's Second Motion for Protective Order. The Court **ORDERS** Zook to produce *in camera* Documents 3-7 on her privilege log, as specified *supra*, within seven (7) days of the date of this order.

Date:   04/29/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

4

Distribution:

MARK KEATON
PO BOX 11208
Ft. Wayne, IN 46856

David L. Ferguson
FERGUSON & FERGUSON
dlf@ferglaw.com

Kate E. Shelby
INDIANA ATTORNEY GENERAL
kate.shelby@atg.in.gov

Don R. Hostetler
OFFICE OF THE ATTORNEY GENERAL
donald.hostetler@atg.in.gov

James R. A. Dawson
TAFT STETTINIUS & HOLLISTER LLP
jdawson@taftlaw.com

David B. Hughes
INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
dbhughes11@att.net

Daniel Mark Witte
TRAVELERS STAFF COUNSEL OFFICE
dwitte@travelers.com