UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK KEATON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DAVE HANNUM, | ) |
| LESLIE SLONE, | )  No. 1:12-cv-00641-SEB-MJD |
| CHRISTINE ZOOK, | ) |
| REBA GARDNER, | ) |
| JACKIE DAKICH, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION TO CLARIFY OPERATION OF THE PARTIES' AGREED ELECTRONIC DISCOVERY PROTOCOL [DKT. 80]**

On January 28, 2013, Plaintiff Mark Keaton filed a Motion to Clarify Operation of the Parties' Agreed Electronic Discovery Protocol [Dkt. 80]. On February 12, 2013, Defendant Zook filed a response [Dkt. 91]. The Motion was heard on March 5, 2013. Consistent with the Court's findings at the hearing, the Court DENIES Plaintiff's Motion.

On October 31, 2012, the parties submitted an Agreed Electronic Discovery Protocol [Dkt. 48]. This proposed Agreed Electronic Discovery Protocol was "[a]ccepted and entered as an amendment to the parties' approved Case Management Plan" by the Magistrate Judge on November 1, 2012 [Dkt. 51]. According to Keaton, a pro se plaintiff, he agreed to the proposed Agreed Electronic Discovery Protocol with the understanding that if a party requests the production of documents in a specific format (i.e., native format), then the Agreed Electronic Discovery Protocol has no effect on that request. [*See* Dkt. 81 at 5-6.] Keaton argues that because he sought documents in their native format from Defendant Christine Zook, she has no

opportunity to object to the production of documents in native format because the Agreed Electronic Discovery Protocol is inapplicable.

>Keaton's argument ignores the provisions of Fed. R. Civ. P. 34(b)(2)(D) which provide:
>
>(D) *Responding to a Request for Production of Electronically Stored Information.* The response may state an objection to a requested form for producing electronically stored information.  If the responding party objects to a requested form – or if no form was specified in the request – the party must state the form or forms it intends to use.

Because the parties agreed (and the Court ordered) in the Agreed Electronic Discovery Protocol that "[e]lectronic discovery shall be produced to the requesting party in a commercially reasonable manner," electronically-stored information does not need to be produced in native format unless the "printed format does not adequately allow said party to review the document." [Dkt. 51 at ¶ 1.]  The Agreed Electronic Discovery Protocol essentially provides the same procedure as Fed. R. Civ. P. 34(b)(2)(D) without requiring an objection before producing documents in a format other than that requested in the discovery.  Said differently, under both the Federal Rules of Civil Procedure and the parties' Agreed Electronic Discovery Protocol, simply because a party requests documents in a particular format (e.g., native format), does not mandate that the responding party must make its response in that format where it would be unreasonable or overly burdensome to do so.  The Agreed Electronic Discovery Protocol goes a step further and provides a method for discovery where electronically-stored information is not reasonably accessible because of undue burden or cost.

>Consequently, the Court finds that the Agreed Electronic Discovery Protocol, approved by the Court stands as written.  The procedure set forth in the Agreed Electronic Discovery Protocol applies where the requesting party has specified the manner of production and where the request is silent.  Neither Keaton nor the other parties waived their right to request production of documents in a native format by agreeing to the Parties' Agreed Electronic Discovery

Protocol. However, the Parties' Agreed Electronic Discovery Protocol provides the procedure for responding and handling electronically-stored information that is not reasonably accessible in native format. As a result, the Court **DENIES** Plaintiff's Motion to Clarify Operation of the Parties' Agreed Electronic Discovery Protocol [Dkt. 80].

Date:  04/29/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

MARK KEATON
PO BOX 11208
Ft. Wayne, IN 46856

David L. Ferguson
FERGUSON & FERGUSON
dlf@ferglaw.com

Kate E. Shelby
INDIANA ATTORNEY GENERAL
kate.shelby@atg.in.gov

David B. Hughes
INDIANA SUPREME COURT DISCIPLINARY COMMISSION
dbhughes11@att.net

Don R. Hostetler
OFFICE OF THE ATTORNEY GENERAL
donald.hostetler@atg.in.gov

James R. A. Dawson
TAFT STETTINIUS & HOLLISTER LLP
jdawson@taftlaw.com

Daniel Mark Witte
TRAVELERS STAFF COUNSEL OFFICE
dwitte@travelers.com