UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK KEATON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DAVE HANNUM, ) | |
| LESLIE SLONE, ) | No. 1:12-cv-00641-SEB-MJD |
| CHRISTINE ZOOK, ) | |
| REBA GARDNER, ) | |
| JACKIE DAKICH, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON DEFENDANT ZOOK'S MOTION FOR PROTECTIVE ORDER [DKT. 89]**

Defendant Christine Zook filed a Motion for Protective Order [Dkt. 89] on February 11, 2013. Plaintiff Mark Keaton responded on February 25, 2013 [Dkt. 99]. Zook filed a reply on March 1, 2013 [Dkt. 101]. The Motion was heard on March 5, 2013. Consistent with the Court's oral ruling during the hearing on March 5, 2013, the Court **GRANTS** the Motion for Protective Order as follows.

Zook provided copies of screenshots of internet blog posts to the Indiana University Police Department during the investigation of Zook's allegations that Keaton was stalking and intimidating her. The screenshots contain photographs of Zook that are explicit in nature. A dispute exists as to whether Keaton created the blog posts. Redacted copies of the blog posts were produced to Keaton on January 4, 2013; however, Zook requests that the Court protect unredacted copies of the blog posts by limiting the parties' ability to reproduce those documents. According to Zook, Keaton claims to have additional photographs of Zook in a .jpg format that

he is willing to reproduce to defendants upon request. [Dkt. 89 at 3, n.1.] Zook seeks to prohibit the reproduction (whether electronically or in hard copy format) of these photographs and screenshots.

>Federal Rule of Civil Procedure 26(c) provides that:
>
>The court may, for good cause, issue an order to protect a party or person from annoyance**, embarrassment**, oppression, or undue burden or expense, including one or more of the following:
>
>>(A) forbidding the disclosure or discovery;
>>
>>(B) specifying terms, including time and place, for the disclosure or discovery;
>>
>>(C) prescribing a discovery method other than the one selected by the party seeking discovery;
>>
>>(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
>>
>>(E) designating the persons who may be present while the discovery is conducted;
>>
>>(F) requiring that a deposition be sealed and opened only on court order;
>>
>>(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
>>
>>(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

(Emphasis added). "Generalized claims of embarrassment do not establish good cause." *Hollinger Intern. Inc. v. Hollinger Inc.*, Case No. 04-c-698, 2005 WL 3177880, at *3 (N.D. Ill. Jan. 19, 2005) (citing *Cipollone v. Liggett Group,* 785 F.2d 1108, 1121 (3rd Cir. 1986) (stating "an applicant for a protective order whose chief concern is embarrassment must demonstrate that the embarrassment will be particularly serious."); *Flaherty v. Seroussi,* 209 F.R.D. 295, 299 (holding that the "mere fact that some level of discomfort, or even embarrassment, may result from the dissemination" of a party's deposition "is not in and of itself sufficient to establish good

cause to support the issuance of [a] protective order.")).  Embarrassment must be substantial to rise to the level of good cause.  *Id.* (citing *Flaherty*, 209 F.R.D. at 299).

Here, the photographs at issue are of an explicit nature.  Although Keaton argues that Zook's embarrassment as a result of dissemination of the blog posts or photographs is diminished because Zook shared the photographs with Keaton, this does not eliminate Zook's potential substantial embarrassment if the explicit photographs are disseminated beyond the individuals to whom Zook provided them.

Keaton argues that he needs "unredacted copies of the screenshots" to test "the veracity of defendants' statements about them."  [Dkt. 99 at 4.]  Keaton can review the unredacted versions at counsel for Defendant Hannum's office and unredacted copies can be made available at the depositions.  Keaton has not shown that it is necessary for him to possess his own unredacted copies of the blog screenshots for him to test defendants' veracity.

As a result, the Court finds good cause to enter a protective order limiting the copying and dissemination of the explicit photographs and blog posts depicting Zook.  The Court **GRANTS** Zook's Motion for Protective Order and **ORDERS** that copies of the unredacted blog posts that have been provided to the Indiana University Police Department as well as any other explicit photographs of Zook shall not be duplicated in either electronic or hard copy form.  The Court **ORDERS** that copies of the unredacted blog posts shall be made available for Keaton's inspection at a mutually-convenient time and location.  To the extent that Keaton possesses additional explicit photographs that he believes should be produced, those photographs should be made available for inspection by the other parties, and not duplicated.  The Court further **ORDERS** that counsel for Zook shall ensure that a copy of the unredacted blog posts are present at each deposition in this case.  The Court expects that parties to use the explicit photographs and

blog posts with circumspection and to file any necessary motions to seal such documents if the unredacted photographs and/or blog posts are required to be filed.

Date: 04/29/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

MARK KEATON
PO BOX 11208
Ft. Wayne, IN 46856

David L. Ferguson
FERGUSON & FERGUSON
dlf@ferglaw.com

Kate E. Shelby
INDIANA ATTORNEY GENERAL
kate.shelby@atg.in.gov

Don R. Hostetler
OFFICE OF THE ATTORNEY GENERAL
donald.hostetler@atg.in.gov

David B. Hughes
INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
dbhughes11@att.net

James R. A. Dawson
TAFT STETTINIUS & HOLLISTER LLP
jdawson@taftlaw.com

Daniel Mark Witte
TRAVELERS STAFF COUNSEL OFFICE
dwitte@travelers.com