UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK KEATON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DAVE HANNUM, | ) |
| LESLIE SLONE, | )   No. 1:12-cv-00641-SEB-MJD |
| CHRISTINE ZOOK, | ) |
| REBA GARDNER, | ) |
| JACKIE DAKICH, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING MOTION TO STRIKE PORTIONS OF KEATON'S RESPONSE TO DEFENDANT ZOOK'S MOTION FOR PROTECTIVE ORDER [DKT. 102]**

On March 1, 2013, Defendant Zook filed a Motion to Strike Portions of Keaton's Response to Defendant Zook's Motion for Protective Order [Dkt. 102]. Zook argues that portions of Keaton's Response to Defendant Zook's Motion for Protective Order [Dkt. 99] are "scandalous and offered by Keaton only as an attempt to embarrass and harass Zook." [Dkt. 102 at ¶ 1.] Plaintiff Keaton filed no response or objection to Zook's Motion to Strike.

Zook seeks to strike four portions of Keaton's Response:

Page 3, lines 2-6, beginning "Put simply . . ." and ending ". . . their relationship."

Page 3, lines 11-17, beginning "Keaton believes . . ." and ending ". . . own purposes."

Page 5, lines 4-5, beginning "(who . . ." and ending ". . . persons)".

Page 5, lines 15-20, beginning "And to the extent . . ." and ending "the truth."

[Dkt. 102 at ¶ 2.] Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter." Although Rule 12(f) "does not explicitly authorize a motion to strike documents other than pleadings, courts routinely entertain such motions." *City of Sterling Heights Gen. Employees' Retirement Sys. v. Hospira, Inc.*, No. 11-c-8332, 2013 WL 566805, at *11 (N.D. Ill. Feb. 13, 2013) (citing *Ind. Ins. Co. v. Westfield Ins. Co.,* 10 C 2660, 2010 WL 3404971, at *3 (N.D. Ill. Aug.26, 2010) (denying motion to strike portions of response to motion to dismiss); *Unytite, Inc. v. Lohr Structural Fasteners, Inc.,* 91 C 2849, 1992 WL 34143, at *6 (N.D. Ill. Feb. 13, 1992) (granting motion to strike affidavit and exhibit in plaintiff's response to motion to dismiss); *Hanover Ins. Group v. Singles Roofing Co.,* 10 C 611, 2012 WL 2368328, at *9 (N.D. Ill. June 21, 2012) (granting motion to strike unauthorized and untimely supplemental response brief to preliminary injunction motion)). "This authority comes from the Court's inherent power to strike impermissible filings." *City of Sterling Heights Gen. Employees' Retirement Sys.*, 2013 WL 566805, at *11 (citing *Cf. Cleveland v. Porca Co.,* 38 F.3d 289, 297 (7th Cir.1994) (upholding district court's discretion to strike filing not provided for by the Local Rules); *see also In re Bear Stearns Cos., Inc. Secs., Derivative & ERISA Litig.,* 763 F. Supp. 2d 423, 581–82 (S.D.N.Y.2011) (noting the district court's "inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances" in deciding motion to strike exhibits from a motion to dismiss)). As a general rule, motions to strike are disfavored. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1295 (7th Cir. 1989). The burden on a motion to strike is upon the moving party. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992).

  Here, Zook seeks to cite portions of Keaton's Response that do not relate directly to the matter at hand – whether the photographs and blog screenshots at issue should be subject to a protective order such that Keaton can view these documents, but not obtain copies of them.

Instead, the four statements including within Keaton's Response describe the explicit photographs and how the disclosure of the photographs may or may not embarrass Zook. Because it was unnecessary for Keaton to include the statements identified above with respect to the merits of Zook's Motion for Protective Order, the statements are both immaterial and have the potential to embarrass Zook. Consequently, the Court **GRANTS** Zook's Motion and **STRIKES** the following paragraphs from Keaton's Response [Dkt. 99]:

    Page 3, lines 2-6, beginning "Put simply . . ." and ending ". . . their relationship."

    Page 3, lines 11-17, beginning "Keaton believes . . ." and ending ". . . own purposes."

    Page 5, lines 4-5, beginning "(who . . ." and ending ". . . persons)".

    Page 5, lines 15-20, beginning "And to the extent . . ." and ending "the truth."

The Court **ORDERS** that the Clerk's office place Docket 99 under seal. Keaton is **ORDERED** to file an amended response within fourteen (14) days of this Order that omits the foregoing statements. No other substantive changes should be made to Keaton's Response [Dkt. 99].

Date: 04/29/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

MARK KEATON
PO BOX 11208
Ft. Wayne, IN 46856

David L. Ferguson
FERGUSON & FERGUSON
dlf@ferglaw.com

Kate E. Shelby
INDIANA ATTORNEY GENERAL
kate.shelby@atg.in.gov

Don R. Hostetler
OFFICE OF THE ATTORNEY GENERAL
donald.hostetler@atg.in.gov

David B. Hughes
INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
dbhughes11@att.net

James R. A. Dawson
TAFT STETTINIUS & HOLLISTER LLP
jdawson@taftlaw.com

Daniel Mark Witte
TRAVELERS STAFF COUNSEL OFFICE
dwitte@travelers.com