UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK KEATON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DAVE HANNUM, | ) |
| LESLIE SLONE, | ) No. 1:12-cv-00641-SEB-MJD |
| CHRISTINE ZOOK, | ) |
| REBA GARDNER, | ) |
| JACKIE DAKICH, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION TO QUASH [DKT. 158]**

This matter comes before the Court on Plaintiff's Motion to Quash. [Dkt. 158.] For the following reasons, the Motion is **DENIED**.

## I.   Background

Plaintiff filed this action under 42 U.S.C. §1983 as well as the First, Fourth, and Fourteenth Amendments of the United States Constitution [Dkt. 7 at 2], alleging that he was unlawfully arrested and prosecuted. [Dkt. 7 at 3.] He seeks compensatory and punitive damages for harm caused by Defendants' actions. [Dkt. 7.] Plaintiff's Amended Complaint does not mention any variant of "emotional distress." [*Id*.] However, in Plaintiff's Statement of Special Damages, Plaintiff alleges, as part of his compensatory damage claim relating to loss of income, that "since [D]efendants' actions, [P]laintiff has had almost no business, and the emotional and psychological damage [D]efendants have cause [sic] has rendered [P]laintiff unable to resurrect his practice." [Dkt. 70 at 2.] Plaintiff further alleges that he "cannot walk into a courtroom now

without suffering debilitating anxiety and depression." [*Id.*] Plaintiff plans to present expert testimony on the financial impact Defendants' conduct has had on him. [Dkt. 70 at 3.] It is not clear whether that testimony would include commentary on Plaintiff's mental health.

Defendant Zook argues that, in light of the above statements, Plaintiff's mental health records are relevant to show whether Defendants' actions may have caused Plaintiff's complained-of conditions, or whether those conditions may have preexisted the incident in question. [Dkt. 160 at 3.] Defendant Zook also argues that Plaintiff has waived the psychotherapist-patient privilege by alleging emotional and psychological damage as well as anxiety and depression. [Dkt. 160 at 1.]

Plaintiff argues that the subpoenaed records date from prior to the arrest, have nothing to do with the arrest, and are therefore irrelevant. [Dkt. 158 at 2.] Further, he alleges that the information sought is privileged from disclosure under federal law. [Dkt. 158 at 6.]

## II.     Discussion

The U.S. Supreme Court recognized a federal psychotherapist-patient privilege in *Jaffee v. Redmond*, holding that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure." 518 U.S. 1, 15 (1996). The Court went on to say, however, that "like other testimonial privileges, the patient may of course waive the protection." *Id.* at 15 n.14. While the Supreme Court did not give any guidance on how the privilege might be waived, the Seventh Circuit held, in *Doe v. Oberweis Dairy*, that "if a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state." 456 F.3d 704, 718 (7th Cir. 2006).

The Seventh Circuit has given no further guidance on when a plaintiff has placed his psychological state in issue. *See Flowers v. Owens*, 274 F.R.D. 218, 224 (N.D. Ill. 2011). However, the psychotherapist-patient privilege has often been analogized to the attorney-client privilege. *See, e.g., Jaffee*, 518 U.S. at 10. An earlier Seventh Circuit decision held that the attorney-client privilege can be waived either explicitly or implicitly. *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095 (7th Cir. 1987) ("Implicit disclosure can occur . . . when a holder relies on a legal claim or defense, the truthful resolution of which will require examining confidential communications.").

In this case, Plaintiff was ordered to clarify whether or not he is seeking damages for emotional distress. [Dkt. 169.] He has not done so. Thus, since there is language in Plaintiff's Statement of Special Damages that seems to indicate that he is seeking damages for emotional distress, he is deemed to have implicitly waived the psychotherapist-patient privilege, because the truthful resolution of Plaintiff's claim will require examining Plaintiff's mental health records. Contrary to Plaintiff's argument, the records will be relevant to show whether the emotional distress may have been caused by something other than Defendants' actions. "If [Plaintiff] wants a jury to compensate [him] for emotional distress, Defendant should be able to explore in discovery, other circumstances that may have caused the injury." *EEOC v. Cal. Psychiatric Transitions*, 258 F.R.D. 391, 400 (E.D. Cal. 2009); *see also Santelli v. Electro-Motive*, 188 F.R.D. 306, 309 (N.D. Ill. 1999) ("A party cannot inject his or her psychological treatment, conditions, or symptoms into a case and expect to be able to prevent discovery of information relevant to those issues.").

3

### III. Conclusion

For the reasons stated above, Plaintiff's Motion to Quash is **DENIED**, and discovery into Plaintiff's mental health records may proceed. Plaintiff is ordered to execute releases for his mental health records.

Date: 07/23/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

MARK KEATON
PO BOX 11208
Ft. Wayne, IN 46856

David L. Ferguson
FERGUSON & FERGUSON
dlf@ferglaw.com

Kate E. Shelby
INDIANA ATTORNEY GENERAL
kate.shelby@atg.in.gov

David B. Hughes
INDIANA SUPREME COURT DISCIPLINARY COMMISSION
dbhughes11@att.net

Caryn M. Nieman
OFFICE OF THE ATTORNEY GENERAL
caryn.nieman@atg.in.gov

Don R. Hostetler
OFFICE OF THE ATTORNEY GENERAL
donald.hostetler@atg.in.gov

James R. A. Dawson
TAFT STETTINIUS & HOLLISTER LLP
jdawson@taftlaw.com

Daniel Mark Witte
TRAVELERS STAFF COUNSEL OFFICE
dwitte@travelers.com