UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK KEATON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DAVE HANNUM, ) | |
| LESLIE SLONE, ) | |
| CHRISTINE ZOOK, ) | |
| REBA GARDNER, ) | |
| JACKIE DAKICH, ) | No. 1:12-cv-00641-SEB-MJD |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |
| ) | |
| INDIANA SUPREME COURT ) | |
| DISCIPLINARY COMMISSION, ) | |
| INDIANA UNIVERSITY BOARD OF ) | |
| TRUSTEES, ) | |
| ) | |
| Intervenor. ) | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

This matter comes before the Court on Plaintiff Mark Keaton's Motion to Compel Directed to Nonparty Indiana University Police Department. [Dkt. 180.] For the following reasons, the Court hereby **GRANTS** in part and **DENIES** in part Plaintiff's motion.

**I.  Background**

This case involves several claims for unlawful conduct arising out of the prosecution of Plaintiff for charges of stalking. [Dkt. 180 at 1.] Specifically, Plaintiff alleges that Defendants Leslie Slone and Dave Hannum, officers with the Indiana University Police Department (IUPD), conspired to falsely arrest and prosecute Keaton in violation of his First, Fourth, and Fourteenth

1

Amendment rights.  [*Id.*]  On May 31, 2013, Plaintiff served IUPD with a *subpoena duces tecum* seeking the production of documents relevant to said claims, and IUPD responded with responses and objections on July 1, 2013.  [*Id.* at 2.]  In an effort to streamline the discovery process, on July 25, 2013 the Court relieved Plaintiff of any further meet and confer obligations regarding discovery disputes and directed Plaintiff to file motions to compel regarding any such disputes.  [Dkt. 175.]  Plaintiff accordingly filed this Motion to Compel, and the Court heard oral arguments on August 15, 2013.  [*Id.*; Dkt. 180.]

## II.  Discussion

Pursuant to Rule 45, a party is entitled to subpoena a nonparty for production or inspection, so long as reasonable steps are taken to avoid imposing undue burden or expense on the person or entity subject to the subpoena.  Fed. R. Civ. P. 45(a)(2)(C), (c)(1).  It is the non-party status that is a significant factor in determining whether a burden is undue:

> Although discovery is by definition invasive, parties to a law suit must accept its travails as a natural concomitant of modern civil litigation.  Non-parties have a different set of expectations.  Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to *special weight* in evaluating the balance of competing needs.

*United States v. Amerigroup Illinois, Inc.*, 02 C 6074, 2005 WL 3111972 (N.D. Ill. Oct. 21, 2005) (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)).  That is not to say, however, that *any* burden or expense is excessive; only where a nonparty is subjected to "significant expense" should the burden of cost shift to the requesting party.  *See, e.g.*, *DeGeer v. Gillis*, 755 F. Supp. 2d 909, 928 (N.D. Ill. 2010) ("[c]ourts have considered three equitable factors when considering cost-shifting and non-parties: (1) whether the nonparty has an interest in the outcome of the case; (2) whether the nonparty can more readily bear its costs than the requesting party; and (3) whether the litigation is of public importance").  Unless and until a

nonparty is subjected to such a "significant expense," a Rule 45 subpoena for production or inspection does not constitute an undue burden on a nonparty.  *Id.*

### A. *The Redaction of Documents in Response to Request No. 1*

Plaintiff's first argument of this Motion to Compel asserts that he is entitled to complete and unredacted copies of the documents relating to IUPD's investigation of Plaintiff and Defendant Zook.  [Dkt. 180 at 2.]  In response, IUPD argues that its redaction of a driver's license number, social security numbers, phone numbers, and addresses was appropriate and in compliance with IUPD's policy of "protecting as confidential and private the identifying and contact information of victims, witnesses and other complainants."  [Dkt. 183 at 1-2.]  IUPD also cites to several cases where courts found redactions of personal information appropriate.  [*Id.*]

However, the referenced cases approve of such redactions only when the redacted information is not relevant, would contravene the Indiana Rules of Professional Conduct, or where the need to protect the privacy of the information is great.  *See Barker v. Floyd Mem'l Hosp. & Health Servs.*, 4:10-CV-26-RLY-WGH, 2010 WL 9462572 (S.D. Ind. Sept. 27, 2010) (ordering that only the plaintiff's, irrelevant and highly personal, social security number or date of birth should be redacted); *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 622 (S.D. Ind. 2002) (permitting the redaction of "highly confidential information" like social security numbers in light of the lack of protective order and their irrelevance, and permitting the redaction of supervisory-level employees' names and phone numbers because, although relevant, such contacts should be made through defense counsel pursuant to the Indiana Rules of Professional Conduct); *Scaife v. Boenne*, 191 F.R.D. 590, 592 (N.D. Ind. 2000) (permitting the redaction of the defendants' addresses, social security numbers, and children's information because "there is no relevancy").

While the Court respects IUPD's policy of encouraging people to talk to its officers without fear that the information will be publicized, that policy cannot restrict Plaintiff's right to access relevant, public information such as the names, phone numbers, and addresses of potential witnesses against him.  At the hearing on this motion, Plaintiff acquiesced that the driver's license number and the social security numbers are not relevant to his case, and the Court **denies** Plaintiff's motion to compel the removal of those redactions.  However, in light of the relevancy of the redacted addresses and telephone numbers, their historically public nature, and the absence of court rule or law further protecting their redaction, the Court **grants** Plaintiff's motion to compel the removal of such redactions.

### B. *The Personnel Files of Slone and Hannum in Response to Request Nos. 7 and 8*

Plaintiff then argues that IUPD's response to the requests for Officer Slone and Officer Hannum's personnel files were incomplete, noting that "the produced files contain no information beyond the late 1990s."  [Dkt. 180 at 3.]  In response, IUPD is adamant that "the entire personnel files of Slone and Hannum have been produced," and IUPD cannot be compelled to produce files that do not exist.  [Dkt. 183 at 2.]

Additionally, IUPD objects to the request (1) under Indiana's Access to Public Records Act (IAPRA) and (2) because IUPD believes that the request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  [Dkt. 180 Ex. 1 at 5-6.]  The Court overrules the relevance objection, as the personnel files of the two IUPD officers who allegedly acted with egregious misconduct are indeed relevant and could lead to the discovery of admissible evidence.  As for the IAPRA objection, "a federal Rule 45 subpoena constitutes 'access . . . ordered by a court under the rules of discovery' permitting disclosure of exempt records under Indiana Code § 5-14-3-4."  *Jackson v. Brinker*, 147 F.R.D. 189, 197 (S.D. Ind.

4

1993). In other words, "Indiana Code § 5-14-3-4(a) allows for the disclosure of these records . . . upon order of the court under the rules of discovery." *Davis v. Carmel Clay Sch.*, 282 F.R.D. 201, 206 (S.D. Ind. 2012). Thus, the IAPRA does not bar this Court from compelling IUPD to produce such documents, and the objection is overruled.

However, while Plaintiff's suspicion may be understandable, the Court cannot compel further production without further evidence that the response was incomplete. *See, e.g.*, *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992) ("The fact that a party may disbelieve or disagree with a response to a discovery request, however, is not a recognized ground for compelling discovery, absent some indication beyond mere suspicion that the response is incomplete or incorrect"). If and when it becomes apparent that such requested information was not included in IUPD's response, the Court will address the issue of sanctions. For the present, without any evidence aside from Plaintiff's suspicion that IUPD's response was incomplete, the Court **denies** Plaintiff's Motion to Compel with regard to the personnel files of Officers Slone and Hannum beyond overruling the objections to those requests as discussed above.

### C. *The Probable Cause Affidavits Executed by Hannum in Response to Request No. 9*

Next, Plaintiff argues that he is entitled to production of all probable cause affidavits filed by or prepared by Officer Hannum between January 2005 and the present. [Dkt. 180 at 4.] IUPD objects to the production of the probable cause affidavits on the basis of (1) irrelevance and unlikelihood to lead to the discovery of admissible evidence, (2) Officers Hannum and Slone's alleged qualified immunity, and (3) the alleged undue burden that production of such affidavits would place on IUPD. [Dkt. 180 Ex. 1 at 6-7.]

The Court first addresses IUPD's relevance argument. Plaintiff argues that his class-of-one equal protection claim contends that he was "singled out for disparate treatment," that

"defendants occasioned his arrest and prosecution in an arbitrary manner and without any rational basis," and that Plaintiff was "intentionally treated differently from others similarly situated." [Dkt. 180 at 4.] Plaintiff cites to *Swanson v. City of Chetek* as evidence that the Seventh Circuit recognizes such a claim with regard to claims for malicious prosecution. [*Id.* (citing to 719 F.3d 780 (7th Cir. 2013)).] In response, IUPD cites only to a Second Circuit case that asserts that a successful class-of-one claim requires an "extremely high" similarity between the Plaintiff and the "others similarly situated." [Dkt. 183 at 5 (quoting *Neilson v. D'Angelis*, 409 F.3d 100, 104 (2nd Cir. 2005)).] The purpose of discovery, however, is to garner the very evidence that is required for a successful claim. Without access to Officer Hannum's other probable cause affidavits or other stalking investigation files, Plaintiff cannot know the degree of similarity between himself and others arrested and prosecuted by Officers Hannum and Slone. Accordingly, the probable cause affidavits are relevant, and IUPD's relevance objection is overruled.

Next, the Court addresses IUPD's assertion that Officer Hannum and Officer Slone's alleged qualified immunity protects IUPD's obligation to produce discovery documents. IUPD cites to *Mitchell v. Forsyth* in support of this argument, asserting that qualified immunity is appropriate "to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government." [*Id.* (quoting 472 U.S. 511, 526 (1985)).] However, reliance on this case is misguided, as the quoted dictum merely references *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), which held that "a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (holding that a determination of qualified immunity is an appealable interlocutory

6

decision). As this subpoena was served against nonparty IUPD, which is not a defendant, the question of qualified immunity is irrelevant, and the Court overrules this objection.

The Court now addresses IUPD's undue burden objection. In its letter of response to Plaintiff's request, IUPD wrote that "Hannum has prepared approximately 540 probable cause affidavits within the relevant time period" but objects to their production because they are not centrally located and their review would be unduly burdensome. [Dkt. 180 Ex. 1 at 6-7.] IUPD then indicated that approximately 350 of those case files currently exist in hard copy and 190 of those case files exist with electronic attachments, and a review of these files to identify the probable cause affidavits prepared by Officer Hannum would take seventy-four hours. [Dkt. 183 at 4.] At the hearing on this Motion to Compel, IUPD's counsel indicated that documents prepared by Officer Hannum for those 540 cases, presumably including such probable cause affidavits, are ostensibly located on Officer Hannum's computer. Alternatively, IUPD has also indicated that a search in IUPD's Automated Records Management System (ARMS) for Officer Hannum as "arresting officer" is possible, though may not turn up all of the cases for which Officer Hannum prepared a probable cause affidavit, and the review of the 17,000 "criminal activity" cases since January 2005 would take 1,133 hours, reiterating its objection that such a production would be unduly burdensome. [*Id.* at 3.]

The Court reiterates that, although afforded significant weight, the burden placed upon a nonparty is not undue unless the nonparty faces a "significant expense." *DeGeer v. Gillis*, 755 F. Supp. 2d 909, 928 (N.D. Ill. 2010). In evaluating whether the burden of production is undue, the Court will measure expense not against the most thorough and expensive method of production, but against the most timely and economic method of production that serves the requesting party's purpose. While the IUPD may have the prerogative to elect a different method of production,

such an election may not delay production and will not shift the cost of production to the Plaintiff.  IUPD has indicated that the bulk of the time and cost in producing these affidavits derives from each case file's review and reproduction, but such review and reproduction of the entire case file is not necessary.  Additionally, Plaintiff has confirmed that a "mere list" of the cases on which Officer Hannum has worked would serve his purpose for production, as the probable cause affidavits are on file with the court.  [Dkt. 190 at 6.]

With regard to Officer Hannum's documents that are located on his computer, the Court (1) orders IUPD to produce the electronic files that may contain the requested probable cause affidavits and (2) orders Plaintiff to use the contents of these electronic files solely for this litigation and for no other purposes.  Such production shall be made pursuant to the Parties' Agreed Electronic Discovery Protocol, which protects any unintentional disclosure of privileged information.  [Dkt. 51 at 2.]  Production of any privileged documents as part of that production shall be deemed "unintentional" for the purposes of that order.  IUPD may unilaterally elect either to review these electronic files and produce only the probable cause affidavits themselves or to produce a list of the qualifying cases with documents on Officer Hannum's computer, so long as the list contains (1) the suspect/defendant's name, (2) the IUPD case number, (3) the court cause number, when available, and (4) the **most specific date possible**, such as the day of arrest, the month of prosecution, the year during which the case was active, or the date of the electronic files.  Regardless of the method of production, IUPD will bear the cost of production of these computer files, and Plaintiff must receive the files within seven (7) business days of the date of this Order.

The Court also (1) orders IUPD to produce the listed results of the search in ARMS of Officer Hannum as "arresting officer" from January 2005 to present and (2) orders Plaintiff to

use the contents of these electronic files solely for this litigation and for no other purposes. The list of these results must contain (1) the defendant's name, (2) the IUPD case number, (3) the court cause number, when available, and (4) the **most specific date possible**, such as the day of arrest, the month of prosecution, or the year during which the case was active. IUPD will bear the cost of production of these computer files, and Plaintiff must receive this list as soon as possible, no later than three (3) business days of the date of this Order. The Court so **grants** Plaintiff's Motion to Compel the production of the probable cause affidavits prepared by Officer Hannum from January 2005 to the present.

### *D. Documents Related to IUPD Stalking Investigations in Response to Request No. 11*

Plaintiff further argues that he is entitled to production IUPD's files relating to investigations of stalking allegations between January 2005 and the present. [Dkt. 180 at 6.] In its letter of response, IUPD objected to the production of such documents on the same bases as against the affidavits: (1) relevance, (2) qualified privilege, and (3) undue burden. [Dkt. 180 Ex. 1 at 7.] IUPD estimates that the review and reproduction of the approximately thirty-nine stalking files would take an estimated twenty hours and argue that such a production would cause IUPD an undue burden. [Dkt. 183 6.]

Because there are no unique arguments to the relevance and qualified privilege objections here versus the objections to the production of Officer Hannum's affidavits, the Court overrules those objections for the same reasons discussed above. As for its undue burden objection, IUPD again allots the bulk of its time for review and reproduction of the case files related to stalking, neither of which are absolutely necessary to the requested production. With regard to the cases stored electronically, the Court (1) orders IUPD to produce the electronic files of the requested stalking investigations in PDF format and (2) orders Plaintiff to use the contents of these

9

electronic files solely for this litigation and for no other purposes. With regard to the cases not stored electronically, the Court (1) orders IUPD to give Plaintiff access to the files, from which Plaintiff may select the documents he wishes to be copied and produced, and (2) orders Plaintiff to use the contents of these electronic files solely for this litigation and for no other purposes. Such production shall be made pursuant to Parties' Agreed Electronic Discovery Protocol, which protects an unintentional disclosure of privileged information. [Dkt. 51 at 2.] Production of any privileged documents as part of that production shall be deemed "unintentional" for the purposes of that order. The Court so **grants** Plaintiff's Motion to Compel the production of IUPD's stalking investigation files from January 2005 to the present.

### E. *IUPD Internal Policies, Procedures, and Protocols in Response to Request Nos. 12-17*

For his penultimate argument, Plaintiff asserts that IUPD's response regarding IUPD's policies, procedures, and protocols was incomplete, citing to an incident report that quotes a policy that was not produced. [Dkt. 180 at 6-7.] In response, much like its response to the motion to compel Slone and Hannum's personnel files, IUPD is adamant that any policy that Plaintiff believes IUPD is withholding is no longer in effect, and IUPD cannot be compelled to produce files that do not exist. [Dkt. 183 at 7.]

Additionally, IUPD objects to these requests "based on the vagueness of the words, 'related to' or 'relating to.'" [Dkt. 180 Ex. 1 at 7-8.] While arguably broad, the Court does not find the wording of request numbers 12, 13, 14, 15, 16, or 17 to be vague. The Court overrules these objections and orders IUPD to produce any such document "that constitutes or comprises" the internal policies, procedures, training, or protocols that the Plaintiff seeks in these requests.

As for Plaintiff's argument that IUPD's responses are incomplete, the Court reiterates that it cannot compel a production without further evidence that the response was incomplete.

*See, e.g.*, *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992) ("The fact that a party may disbelieve or disagree with a response to a discovery request, however, is not a recognized ground for compelling discovery, absent some indication beyond mere suspicion that the response is incomplete or incorrect"). If and when it becomes apparent that any such requested information was not included in IUPD's response, the Court will address the issue of sanctions. For the present, without any evidence aside from Plaintiff's suspicion that IUPD's response was incomplete, the Court **denies** Plaintiff's Motion to Compel with regard to the internal policies, procedure, training, or protocols of IUPD.

### F. Privilege Log

Plaintiff's final argument in his Motion to Compel notes that there were redactions in IUPD's responses that were not noted in the then-existing log of documents withheld on grounds of privilege ("privilege log"). [Dkt. 180 at 8-9.] However, just hours after Plaintiff timely transmitted this Motion to Compel in order to meet the Court's deadline, IUPD served Plaintiff with an amended privilege log. [Dkt. 188-2 at 10.] As a result, Plaintiff moved to withdraw this aspect of his motion and confirmed at this motion's hearing that there is no further dispute on this particular matter. *Id.* Accordingly, the Court **denies** this aspect of the motion as moot.

### III. Conclusion

For the aforementioned reasons, the Court hereby **GRANTS** in part and **DENIES** in part Plaintiff's Motion to Compel Directed to Nonparty Indiana University Police Department. [Dkt. 180.]

Date: 08/19/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

11

MARK KEATON
PO BOX 11208
Ft. Wayne, IN 46856

David L. Ferguson
FERGUSON & FERGUSON
dlf@ferglaw.com

David B. Hughes
INDIANA SUPREME COURT DISCIPLINARY COMMISSION
dbhughes11@att.net

Caryn M. Nieman
OFFICE OF THE ATTORNEY GENERAL
caryn.nieman@atg.in.gov

Don R. Hostetler
OFFICE OF THE ATTORNEY GENERAL
donald.hostetler@atg.in.gov

James R. A. Dawson
TAFT STETTINIUS & HOLLISTER LLP
jdawson@taftlaw.com

Daniel Mark Witte
TRAVELERS STAFF COUNSEL OFFICE
dwitte@travelers.com

Frederick A. Roetter
TRAVELERS STAFF COUNSEL OFFICE
froetter@travelers.com