UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARK KEATON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:12-cv-00641-SEB-MJD |
| | ) | |
| DAVE HANNUM, LESLIE SLONE, | ) | |
| CHRISTINE ZOOK, REBA GARDNER, | ) | |
| JACKIE DAKICH, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Objection to Order on Motion to Quash**

Before the Court is plaintiff Mark Keaton's objection to the Magistrate Judge's Order Denying Plaintiff's Motion to Quash (see dkt. nos. 185, 186 and 173). Keaton argues that the Order denying his motion to quash was clearly erroneous and that the subpoenas served by defendant Christine Zook on Keaton's former counselors should be quashed. For the reasons explained below, Keaton's objection is **denied**.

**Discussion**

Rule 72(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (*quoting United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

On July 12, 2013, the Magistrate Judge signed and issued an Order to show cause regarding Keaton's motion to quash. Dkt. No. 169. In that Order the Magistrate Judge ordered Keaton to clarify whether he would seek "emotional distress" damages at trial and indicated that, if so, Keaton's motion to quash would be denied. Keaton was given 7 days from the date of that Order to respond. In other words, his response was due on Friday, July 19, 2013. But, Keaton's response to the Magistrate Judge's order to show cause was not filed until he delivered it to the clerk's office on July 22, 2013 (Dkt. No. 171). Keaton's response was untimely. Keaton argues that he was entitled to an additional three days to file his response pursuant to Rule 6(d) of the Federal Rules of Civil Procedure. But he is mistaken. Rule 6(d) only enlarges the filing time when the period of acting runs from the service of a notice. Rule 6(d) does not apply when the time for acting is designated from the date of an Order. *See McCarty v. Astrue*, 528 F.3d 541, 545 (7th Cir. 2008). Therefore, it was proper for the Magistrate Judge to find that Keaton failed to timely clarify whether or not he is seeking damages for emotional distress. See Dkt. No. 173. In any event, "Keaton concedes that a component of his claim includes pain and suffering that could be characterized as emotional distress." Dkt. No. 186 at 6.

After consideration of the record, it is clear that no mistake was made in the Order Denying Plaintiff's Motion to Quash. That Order held that Keaton placed his psychological state in issue by indicating in his Statement of Special Damages that he is seeking damages for emotional distress and that the defendant is entitled to discover any records of that state. *See Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006). The Magistrate Judge was correct to note that "the records will be relevant to show whether the emotional distress may have been caused by something other than Defendants' actions." Dkt. 172 at p. 3. Keaton claims that he is not suffering from any mental health condition, let alone a pre-existing mental health condition; but

the defendants are not required to take his word for it. The discovery sought is relevant. Contrary to the Keaton's claims, the Order Denying Plaintiff's Motion to Quash is correct and consistent with prevailing case law.

### Conclusion

The Order Denying Plaintiff's Motion to Quash [dkt. no. 173] is not clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The plaintiff's objection [dkt. no. 185] is **denied**.

The plaintiff is ordered to execute releases for his mental health records.

**IT IS SO ORDERED.**

Date: ___08/19/2013___

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARK KEATON
PO BOX 11208
Ft. Wayne, IN 46856

All Electronically Registered Counsel