UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK KEATON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:12-cv-00641-SEB-MJD |
| | ) |
| DAVE HANNUM, LESLIE SLONE, | ) |
| CHRISTINE ZOOK, REBA GARDNER, | ) |
| JACKIE DAKICH, | ) |
| | ) |
| Defendants. | ) |

**Entry Granting Defendant Zook's Motion for Summary Judgment**

Plaintiff Mark Keaton was arrested and prosecuted for stalking his ex-girlfriend, defendant Christine Zook. After the charges were dismissed, Keaton filed this action pursuant to 42 U.S.C. § 1983 against the individuals involved with his arrest and criminal prosecution. The claims alleged against Zook are the focus of the present motion. Keaton alleges that Zook conspired with state actors—including Indiana University Police Department police officers Hannum and Slone, and Gardner, a paralegal employed by the Monroe County Prosecutor's Office—to deprive Keaton of his constitutional rights.[1] Zook seeks resolution of the claims alleged against her through summary judgment.

For the reasons explained below, Zook's motion for summary judgment [dkt. 129] is **granted.**

---

[1] Keaton raises four § 1983 counts against Zook. Count I alleges that Zook conspired to have Keaton falsely arrested. Count II alleges that Zook conspired with state actors to unlawfully prosecute Keaton. (Keaton concedes that summary judgment in favor the defendants on Count II is required. Dkt. 215 at p. 29). Count III alleges that Zook conspired with state actors to violate Keaton's equal protection rights. Count IV alleges that Zook conspired with state actors to violate Keaton's First Amendment Rights.

1

**Standard of Review**

The motion for summary judgment in this civil rights action, as with any such motion, must be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law identifies which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372 (2007).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). A[T]he burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

**Discussion**

As previously stated, Keaton brings his claims pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic,* 313 U.S. 299, 326 (1941). There is no conceivable basis on which to conclude that Zook was

acting under color of state law, as required for liability under § 1983; she was not acting in place of the state performing a delegated public function. *See Maniscalco v. Simon,* 712 F.3d 1139, 1145 (7th Cir. 2013). Thus, Zook may be liable under § 1983 only if she conspired with a state actor to violate the constitutional rights of another. *See Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980); *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007).

Thus, the dispositive issue is whether Keaton has any evidence to support his claim that Zook, a private actor, conspired with one or more state actors (specifically police officers Hannum and Slone, or Gardner, a paralegal employed by the Monroe County Prosecutor's Office) to violate Keaton's civil or constitutional rights. "To establish § 1983 liability through a conspiracy, a plaintiff must [establish that] (1) a state official and private individual(s) reached an understanding to deprive plaintiff of his constitutional rights; and (2) those individual(s) were willful participants in joint activity with the State or its agents." *Logan v. Wilkins*, 644 F.3d 577, 583 (7th Cir. 2011).

Zook argues with supporting evidence that "[a]t no time did Zook reach an agreement with or conspire with any person to violate Keaton's constitutional rights." See dkt. 130 at p. 9. In response, Keaton argues that the evidence is sufficient for a reasonable juror to find that Zook was a willful participant in Keaton's wrongful arrest and prosecution. Keaton argues without citations to admissible evidence that Zook was involved in every step of the process; was "intimately involved in Keaton's arrest and intimately involved in the prosecution;" and "called all the shots." Dkt. 215 at p. 34. This response is insufficient to survive summary judgment.

The record reflects that Zook gave the police information supported by documents and electronic evidence. Even if Zook had furnished false information to law enforcement officials, that is not sufficient to "constitute joint activity with State officials in prohibited action or to state

3

a claim against a private party under § 1983." *Holdeman v. Consol. Rail Corp.*, 649 F. Supp. 1188, 1196 (N.D. Ind. 1986), *aff'd*, 840 F.2d 20 (7th Cir. 1988).

In addition, there is no cause of action for conspiring to engage in lawful activity. Keaton must show that the common goal was improper such that the state officials and private actors "share[d] a common, unconstitutional goal." *Cunningham v. Southlake Ctr. for Mental Health, Inc.*, 924 F.2d 106, 107 (7th Cir. 1991). The burden is on Keaton to show that the police and Zook "reached an understanding to deny the plaintiff[] [his] constitutional rights." *Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985). Keaton has not met this burden. He alleges that Zook had an improper motive (retaliation) in seeking criminal charges against Keaton, but there is no evidence that the state actors embraced that alleged motive.

Instead, the record reflects that Zook has never communicated with or met Gardner, nor did Zook even know who Gardner was until this suit was filed. The only evidence of Zook's communications with Slone and Hannum is contained in the police report, probable cause affidavit, and in the written (email) correspondence between Zook and Slone and Hannum. These communications do not reflect that a conspiracy to deprive Keaton of his constitutional rights existed. Keaton's mere suspicion or speculation that a conspiracy occurred is not enough. *Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003). "A party may not cry 'conspiracy'" to avoid a summary judgment. *Gramenos v. Jewel Cos.*, 797 F.2d 432, 436 (7th Cir. 1986).

## Conclusion

Keaton has produced no evidence supporting his claim that Zook entered a conspiracy with state officials to violate Keaton's constitutional rights. Thus, Keaton cannot make out a § 1983 action against Zook, a private actor, and Zook is entitled to judgment as a matter of law on claims alleged against her.

Zook's motion for summary judgment [dkt. 129] is **granted.**

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date:  03/11/2014

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARK KEATON
PO BOX 11208
Ft. Wayne, IN 46856

All Electronically Registered Counsel