UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK KEATON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:12-cv-00641-SEB-MJD |
| | ) |
| DAVE HANNUM, LESLIE SLONE, | ) |
| CHRISTINE ZOOK, REBA GARDNER, | ) |
| JACKIE DAKICH, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Defendant Gardner's Motion for Summary Judgment
And Directing Further Proceedings**

Plaintiff Mark Keaton has sued Reba Gardner, a paralegal in the Monroe County Prosecutor's office. Keaton alleges that Gardner made false allegations which led to false criminal charges being filed against him. (Dkt. 7, Amend. Compl., ¶¶ 21 & 23). Specifically, Keaton argues that on May 11, 2010, and again on August 10, 2010, Gardner provided false testimony under oath in support of the State of Indiana's Informations charging Keaton with stalking his ex-girlfriend, defendant Christine Zook, in violation of his Constitutional rights. Dkt. 214 at p.1. His claims are brought pursuant to 42 U.S.C. § 1983. Gardner seeks summary judgment in her favor on the basis that she is entitled to absolute immunity from civil liability. Keaton has opposed that motion. See dkt. 214.

For the reasons explained below, Gardner is not entitled to absolute immunity and her motion for summary judgment [dkt. 133] is **denied** on this basis. Consistent with Rule 56 of the Federal Rules of Civil Procedure, however, the parties are given notice and a reasonable time to

1

respond to the Court's intention to grant summary judgment in favor of Gardner because there is no evidence upon which a reasonable jury could conclude that she is responsible for any violation of Keaton's constitutional rights.

**Standard of Review**

The motion for summary judgment in this civil rights action, as with any such motion, must be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law identifies which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372 (2007).

**Undisputed Factual Background**

At all times relevant to this cause, Gardner worked as a paralegal in the Monroe County Prosecutor's Office. At some point in September of 2008, Gardner began signing charging informations as an ordinary part of her job duties. In any given month, Gardner signs between 20 and 100 charging informations; it is possible she may sign more than 100 a month, but it is less likely that she would sign less than 20 in a month.

The only person Gardner may have spoken with regarding the original and amended charging information against Keaton was defendant Dakich, the deputy prosecutor on Keaton's case and Gardner's boss. Upon the decision and at the request of the deputy prosecutor, Gardner signed Keaton's charging informations as the "affiant." The deputy prosecutor had already signed the informations when Gardner signed them.

The Information appears as follows:[1]

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MONROE CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF MONROE | ) | CAUSE NUMBER: 53C02-1005-FD00449 |

STATE OF INDIANA

    VS

RONALD MARK KEATON       INFORMATION FOR:
DOB: ▇▇▇ 1963      STALKING
Gender: Male      A CLASS D FELONY
Race: White
Hair: Brown
Eyes: Blue
Height: 508
Weight: 140
1112 Nelson St.
Fort Wayne, Indiana 46802
DOM VA

**FILED**
MAY 11 2010
*Jim Shelden*
CLERK MONROE CIRCUIT COURT

Affiant, being duly sworn upon his or her oath says:

between August, 2009 and April, 2010 in Monroe County, State of Indiana, Ronald Mark Keaton did then and there stalk Christine Zook. I.C. 35-45-10-5(a)

*R. Gardner*
Affiant

Subscribed and sworn to, before me May 5, 2010.

*Jacqueline Dakich*, 17286 53
Deputy Prosecuting Attorney

WITNESSES: Dave Hannum and : Christine Zook, Indiana University Police Department, 09-1758



Exhibit F, p.1

---

[1] See dkt. 130-6. The Court was unable to locate a copy of the amended Information in the record. Accordingly, the Court assumes that it is substantially similar to the original Information.

**Indiana Code § 35-34-1-2(b)**

The only action Gardner took in regards to Keaton's criminal case in Monroe County was signing the charging information and the amended charging information. Gardner testified that she signed the charging informations as required by Indiana Code § 35-34-1-2(b) and as directed by the deputy prosecutor. Keaton considers the Monroe County Prosecutor's Office procedure by which a paralegal, such as Gardner, signs a charging information pursuant to § 35-34-1-2(b) to be inappropriate. For the reasons explained below, this Court agrees with Keaton.

Indiana Code § 35-34-1-2(b) provides:

> An indictment shall be signed by:
>
> (1) the foreman or five (5) members of the grand jury; and
>
> (2) the prosecuting attorney or his deputy.
>
> An information shall be signed by the prosecuting attorney or his deputy and sworn to or affirmed by him or any other person.

Gardner appears to argue that all informations are required to be signed by the prosecuting attorney and another person (regardless of their knowledge of the facts alleged) for no other reason than that the statute requires such action. This interpretation renders the words "sworn to or affirmed by" meaningless. The purpose of this provision is not to create an extra step for prosecutors but to "foreclose the filing of frivolous charges by imposing the penalties of perjury upon the prosecuting witness." *See Lashley v. State,* 745 N.E.2d 254, 259-260 (Ind. Ct. App. 2001) (*citing Hendricks v. State*, 426 N.E.2d 367, 370 (Ind. 1981) (holding that verification requirement of delinquency petition serves to foreclose bringing of frivolous petitions by imposing penalties of perjury on petitioner)); *see also* Ind. Code § 35-34-1-2.4(c) ("A person who makes a false affirmation or verification under this section may be prosecuted under IC 35-44.1-2-1.").

Gardner was not in a position to verify either the original or amended informations. She was not involved in the investigation, nor did she review any evidence which would have supported the informations. *See State v. Riley,* 980 N.E.2d 920, 923 (Ind. Ct. App. 2013) (finding policy behind the requirement of a signed affidavit in the information was upheld where individual who had viewed the incident on video tape swore to the incident under penalty of perjury). Gardner simply signed as her supervisor instructed. There was no reason for her to have signed either information; the deputy prosecuting attorney's signature was sufficient. Deputy Prosecuting Attorney Dakich presumably reviewed the materials upon which the information was based, and then signed and swore to those informations as required by § 35-34-1-2(b). Under these circumstances it was improper for Gardner to swear under oath as to the facts alleged in the information.

**Immunity from Civil Liability**

Gardner argues that she is entitled to summary judgment because she is entitled to absolute immunity from civil liability under 42 U.S.C. § 1983. Gardner claims that she is entitled to absolute immunity from suit because all of her actions were taken within the course and scope of her employment with the Monroe County Prosecutor's Office. She explains that she signed the informations to assist in the initiation of the judicial proceedings. It is true that absolute immunity covers prosecutorial functions such as the initiation and the pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is "intimately associated" with the judicial process. *Mendenhall v. Goldsmith*, 59 F.3d 685, 689 (7th Cir. 1995). But Gardner is not a prosecutor and absolute immunity cannot be understood to cover all actions taken at the direction of the prosecutor.

In addition, Gardner's actions were not necessary to the initiation of the criminal proceedings against Keaton. It was the prosecutor, who is shielded by absolute immunity, who is actually responsible for the decision to prosecute. *See Rehberg v. Paulk*, 132 S.Ct. 1497, 1508 (2012) (discussing prosecutor's role). In addition, there is no plausible basis on which to conclude that Prosecutor Dakich relied on the testimony of Gardner in deciding whether or not to initiate criminal charges against Keaton. Under these circumstances, Gardner should not be understood to be a "complaining witness." The Supreme Court has explained that a complaining witness played a distinctive function during the period when § 1983's predecessor was enacted. "At that time, the term 'complaining witness' was used to refer to a party who procured an arrest and initiated a criminal prosecution." *Rehberg*, 132 S.Ct. at 1507 (2012) (*citing Malley v. Briggs*, 475 U.S. 335, 340 (1985) (complaining witness "procure[s] the issuance of an arrest warrant by submitting a complaint")); *Wyatt v. Cole*, 504 U.S. 158, 164–165 (1992) (complaining witness "set[s] the wheels of government in motion by instigating a legal action"). Consistent with Indiana law and the undisputed facts of this case, Gardner did not and could not have procured Keaton's arrest or initiated the criminal prosecution against him.

**Judgment Independent of the Motion**

The parties are now notified pursuant to Rule 56(f) that absent any timely objection summary judgment shall be entered in favor of defendant Gardner on grounds not raised by either party. Specifically, this Court intends to hold that there is no evidence that Gardner is responsible for any violation of Keaton's constitutional rights.

As noted, the action is brought pursuant to 42 U.S.C. ' 1983. This statute Ais not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v.*

6

*McCollan*, 443 U.S. 137, 144 n.3 (1979)). "[T]he first step in any ['1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994). The amended complaint names Gardner in Counts II, III, and IV.

Count II alleges that Gardner was responsible for violating Keaton's rights relating to his prosecution. Count II, however, has been abandoned by Keaton. See dkt. 215 at p. 29. Even if this Count was pursued, the evidence reflects that Gardner was not responsible for bringing the criminal prosecution against Keaton. In Indiana, that responsibility belongs to the prosecutor and no one else. The evidence reflects that Deputy Prosecutor Dakich did not rely on Gardner's testimony in filing the criminal charges against Keaton; Dakich signed the informations before Gardner did and Gardner only acted based on the prosecutor's explicit instructions. Finally, even if Gardner's actions conflict with Indiana Code § 35-34-1-2(b), the violation of a state statute is not actionable under '1983. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003)("42 U.S.C. '1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . ."). Under these circumstances, Keaton cannot show that Gardner was responsible for the denial of any constitutional right as alleged in Count II of the Amended Complaint.

Count III alleges that Gardner violated Keaton's equal protection rights. A class-of-one equal protection claim like Keaton's requires at a minimum proof that the defendant intentionally treated Keaton differently from others situated similarly to him and that there was no rational basis for this difference in treatment. *Thayer v. Chiczewski*, 705 F.3d 237, 254 (7th Cir. 2012). There is no evidence that Gardner treated Keaton differently from others situated similarly to him. Instead the evidence reflects that Gardner routinely signed the informations placed in front of her by the deputy prosecuting attorney. Accordingly, Gardner's actions did not violate Keaton's equal protection rights.

Finally, Count IV alleges that Gardner retaliated against Keaton for exercising his First Amendment rights. The evidence reflects, however, that Gardner knew nothing about Keaton when she signed the informations. Gardner could not have retaliated against Keaton for engaging in activities of which she had no knowledge.

Without a predicate constitutional violation one cannot make out a *prima facie* case under ' 1983. That is the case here and Gardner is entitled to summary judgment in her favor on this basis. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992).

The parties shall have **through April 11, 2014,** in which to file any objection to this ruling. Any objection to the Court's factual conclusions should be supported by citations to admissible evidence in the record (or, if not already in the record, attached to the objection).

**IT IS SO ORDERED.**

Date: 3/14/2014

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARK KEATON
PO BOX 11208
Ft. Wayne, IN 46856

All Electronically Registered Counsel