UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARK KEATON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-00641-SEB-MJD |
| | ) | |
| DAVE HANNUM, LESLIE SLONE, | ) | |
| CHRISTINE ZOOK, REBA GARDNER, | ) | |
| JACKIE DAKICH, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Claims against Defendant Gardner
And Directing Entry of Final Judgment**

**I. Background**

Plaintiff Mark Keaton sued Reba Gardner, a paralegal in the Monroe County Prosecutor's Office alleging that she made false allegations which led to false criminal charges being filed against him. (Dkt. 7, Amend. Compl., ¶¶ 21 & 23). Specifically, Keaton argues that on May 11, 2010, and again on August 10, 2010, Gardner provided false testimony under oath in support of the State of Indiana's informations charging Keaton with stalking his ex-girlfriend, defendant Christine Zook, in violation of his constitutional rights. Dkt. 214 at p.1. He argues that Gardner, as the State's paralegal in the underlying litigation, knew or should have known that the facts she was alleging were false and that Keaton was being prosecuted for publishing his blog about Zook. His claims are brought pursuant to 42 U.S.C. § 1983.

In ruling on Gardner's motion for summary judgment, the Court notified the parties pursuant to Rule 56(f) that absent any timely objection, summary judgment would be entered in

1

favor of defendant Gardner on grounds not raised by either party. That is, that there is no evidence that Gardner was responsible for any violation of Keaton's constitutional rights. The parties were given a period of time in which to file any objection to this ruling along with any admissible evidence (not already in the record) necessary to support the objection. See dkt. 252.

In response, Mr. Keaton filed a motion for reconsideration which is now fully briefed. See dkts. 255, 256, 260, 263.

## II. Discussion

Summary judgment is appropriate when construing the facts and drawing all reasonable inferences in the light most favorable to the non-movant, in this case Keaton, there is no genuine dispute as to any material fact and the movant, in this case Gardner, is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372 (2007). Further, it is important to remain mindful that "neither the mere existence of some alleged factual dispute between the parties ... nor the existence of some metaphysical doubt as to the material facts ... is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and internal quotations omitted).

As previously noted, this action is brought pursuant to 42 U.S.C. § 1983. This statute "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994). The amended complaint names Gardner in Counts II, III, and IV. See dkt. 7. Count II alleges that Gardner was responsible for violating Keaton's Fourth and Fourteenth Amendment Due Process rights relating

to his prosecution. Count III alleges the violation of Keaton's equal protection rights and Count IV alleges the violation of Keaton's First Amendment rights. Each Count will be addressed in turn.

### A. Undisputed Facts

At all times relevant to this cause, Gardner worked as a paralegal in the Monroe County Prosecutor's Office. At some point in September of 2008, Gardner began signing charging informations as an ordinary part of her job duties. In any given month, Gardner signs between 20 and 100 charging informations; it is possible she may sign more than 100 a month, but it is less likely that she would sign less than 20 in a month.

On May 5, 2010, Gardner signed a charging information against Keaton as the affiant. Dkt. 130-6. It was prosecutor Jackie Dakich, however, who on May 11, 2010, filed charges against Ronald Mark Keaton for the crime of stalking in Monroe Circuit Court 2 in Bloomington, Indiana. See dkt. 151-9 (Dakich Aff.).

On August 10, 2010, Gardner signed an amended information. Dkt. 256-1. Both informations signed by Gardner were dismissed. On February 18, 2011, the State filed a second amended information (not signed by Gardner). On April 21, 2011, the State voluntarily dismissed the charges.

The only person Gardner may have spoken with regarding the original and amended charging information against Keaton was defendant Prosecutor Dakich, Gardner's boss. Upon the decision and at the request of the deputy prosecutor, Gardner signed Keaton's charging informations as the "affiant." The deputy prosecutor had already signed the informations when Gardner signed them.

Keaton tries to create a material fact in dispute regarding what Gardner knew about the prosecution and when. Keaton testified that Gardner was the paralegal assigned to his case and

that she delivered documents and evidence to him. For example she produced the State's first discovery packet on June 24, 2010, as well as copies of emails and voicemails. Dkt. 257 (Keaton's Aff.). As explained below, however, whether Gardner had knowledge of the details of the investigation or prosecution is not material.

 **B. Conspiracy**

Counts II, III and IV of the amended complaint include an allegation that Gardner conspired with others to violate Keaton's constitutional rights. The individuals with whom Gardner allegedly conspired have been granted judgment in their favor. As explained in the Entries of March 11, 2014 (dkts. 250 and 251), Keaton's mere suspicion or speculation that a conspiracy occurred is not enough. *Lewis v. Mills,* 677 F.3d 324, 332 (7th Cir. 2012) (*citing Evers v. Reak*, 21 Fed.Appx. 447, 450 (7th Cir. 2001) ("Vague and conclusory allegations of the existence of a conspiracy are not enough to sustain a plaintiff's burden...."). Gardner is entitled to judgment as a matter of law on this basis. In addition, the conspiracy matters only with respect to defendant Zook, a private actor, because the other defendants "are state actors, and thus amenable to suit under 42 U.S.C. § 1983, by virtue of their offices." *Logan v. Wilkins,* 644 F.3d 577, 583 (7th Cir. 2011) (*citing Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). For these reasons, the conspiracy claims require no further discussion.

 **C. Count II**

Count II alleges that Gardner along with the other defendants initiated and pursued criminal charges against Keaton by providing false information and perjured testimony in violation of his Fourth and Fourteenth Amendment rights.[1] The Entry of March 14, 2014, stated that summary

---

[1] Keaton also alleges that exculpatory evidence was withheld, but of course, it is the prosecutor (also a defendant in this action) and not Gardner, the prosecutor's paralegal, who is responsible for turning over any exculpatory evidence. *See Brady v. Maryland*, 373 U.S. 83 (1963).

4

judgment appears appropriate because Keaton cannot show that Gardner was responsible for the denial of any constitutional right. In response, Keaton argues that Gardner asserted false facts in two charging informations and that these informations resulted in Keaton's prosecution. As noted, however, both the original and amended informations were ultimately dismissed. Keaton contends that but for Gardner executing the original and amended informations, he could not have been prosecuted. Keaton suggests that his Fourth and Fourteenth Amendment claims raised in Count II are really a claim of malicious prosecution. Such a claim, he argues, is appropriate under § 1983 pursuant to the Seventh Circuit's holding in *Julian v. Hanna*, 732 F.3d 842 (7th Cir. 2013).

Keaton is mistaken. In *Julian,* the Seventh Circuit held that in the absence of an adequate state remedy, a plaintiff denied due process and deprived of liberty as a result of that denial can obtain relief under § 1983. *Id.* at 845. But, there is no federal right protecting individuals from being summoned into court and prosecuted without probable cause, under either the Fourth Amendment or the Fourteenth Amendment's procedural Due Process Clause. *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011); *see also Welton v. Anderson*, 770 F.3d 670, 674 (7th Cir. 2014) (stating malicious prosecution is not by itself an infringement on the constitutional right to due process under the Fourteenth Amendment.). There is no evidence that Gardner's allegedly false statements resulted in Keaton's arrest or imprisonment.[2] In other words, her alleged misconduct did not result in the deprivation of a liberty interest. *Serino v. Hensley,* 735 F.3d 588,

---

[2] Keaton states Gardner's initial information was filed on May 11, 2010, and resulted in Keaton's wrongful arrest and the advent of his wrongful prosecution. The claim that Gardner was responsible for Keaton's arrest is frivolous. The record reflects that Keaton was arrested pursuant to a valid arrest warrant which was issued based on a probable cause affidavit prepared by defendant Detective Hannum and not Gardner. See dkt. 251 (Entry Granting Motion for Summary Judgment) at pages 12-23 (discussing false arrest claim and granting summary judgment in favor of Det. Hannum). This Court is not required to disregard the undisputed evidence set forth in prior rulings as Keaton suggests.

5

594 (7th Cir. 2013)("Nor can Serino establish a liberty violation based solely on his having to 'defend' (his term) against the charges before they were dismissed."). Rather, to state a viable malicious prosecution claim under § 1983, a plaintiff must "alleg[e] a violation of a particular constitutional right, such as the right to be free from unlawful seizures under the Fourth Amendment, or the right to a fair trial under the Due Process Clause." *Serino*, 735 F.3d at 592 (*citing Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001)). Keaton has failed to state a predicate constitutional violation in support of his malicious prosecution claim. *See e.g., Welton*, 770 F.3d at 673; *Serino,* 735 F.3d at 588. *See also Baker v. McCollan*, 443 U.S. 137, 140 (1979) ("[I]t is necessary to isolate the precise constitutional violation with which [the defendant] is charged.... The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right secured by the Constitution and laws."). No deprivation of a constitutional right has been shown and Count II is dismissed on this basis as a matter of law. Gardner is entitled to summary judgment on Count II.

### D. Count III

Count III alleges that Gardner violated Keaton's equal protection rights. Keaton alleges that the defendants violated his equal protection rights by intentionally treating him differently than others similarly situated. A class-of-one equal protection claim like Keaton's requires at a minimum proof that the defendant intentionally treated Keaton differently from others situated similarly to him and that there was no rational basis for this difference in treatment. *Thayer v. Chiczewski*, 705 F.3d 237, 254 (7th Cir. 2012). As this Court explained in the Entry of March 14, 2014, there is no evidence that Gardner treated Keaton differently from others situated similarly to him. Instead the evidence reflects that Gardner routinely signed the informations placed in front

of her by the deputy prosecuting attorney. Accordingly, Gardner's actions did not violate Keaton's equal protection rights.

In response, to the March 14, 2014, Entry Keaton failed to present or identify any evidence to support his equal protection claim. Accordingly, Gardner is entitled to summary judgment in her favor on Count III of the amended complaint.

### E. Count IV

Finally, Count IV alleges that Gardner retaliated against Keaton for exercising his First Amendment rights. Keaton argues that Gardner (by signing the informations as the affiant) condoned or facilitated his wrongful prosecution in retaliation for exercising his First Amendment rights. In particular, Keaton states that the second charging information affirmatively prosecuted Keaton for publication of his blog. The Entry of March 14, 2014, stated that there is no evidence that Gardner knew anything about Keaton when she signed the informations and that Gardner could not have retaliated against Keaton for engaging in activities of which she had no knowledge. Keaton disputes these facts on the basis that Gardner was the paralegal assigned to the case, presumably had access to all of the investigative materials associated with his case, and transmitted discovery and other evidence to Keaton.

Keaton is correct that "[a]n individual may not be subject to criminal prosecution for exercising his right to free speech." *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 626 (7th Cir. 2008) (citation omitted). To establish a prima facie case of First Amendment retaliation he "must demonstrate that: (1) he engaged in constitutionally protected speech; (2) he suffered a deprivation likely to deter the free exercise of his First Amendment rights; and (3) his speech was a motivating factor in the defendant's retaliation." *Lewis v. Mills,* 677 F.3d 324, 330 (7th Cir. 2012) (citing *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006); and *Surita v. Hyde*, 665 F.3d 860, 874 (7th

7

Cir. 2011) (The district judge "was not wrong in referencing a burden-shifting test that included a plaintiff's burden to show a motivating factor.")). In other words, Keaton contends that, in retaliation for publishing his blog about Zook, Gardner condoned or facilitated his wrongful prosecution.

The problem for Keaton is that consistent with Indiana law and the undisputed facts of this case, Gardner did not and could not have procured Keaton's arrest or initiated the criminal prosecution against him. The evidence reflects that Gardner was not responsible for bringing the criminal prosecution against Keaton. In Indiana, that responsibility belongs to the prosecutor and no one else.

Under certain circumstances, however, a claim for "retaliatory inducement to prosecute" can be brought against a nonprosecutor "who may have influenced the prosecutorial decision but did not himself make it[.]" *Hartman v. Moore*, 547 U.S. 250, 262 (2006). To prevail on this claim, the plaintiff "must show that the nonprosecuting official acted in retaliation, and must also show that he induced the prosecutor to bring charges that would not have been initiated without his urging." *Lewis,* 677 F.3d at 332. As such, "the causal connection required here is not merely between the retaliatory animus of one person and that person's own injurious action, but between the retaliatory animus of one person and the action of another." *Id*. In addition, a plaintiff must also prove as an element of his case that the prosecution was taken in the absence of probable cause. *Hartman*, 547 U.S. at 265-66.

Even if we assume that Gardner was aware of the police investigation and the blog, Keaton has failed to present any evidence showing that Gardner had the requisite animus to support this claim. Nor is there any evidence of a causal nexus between Gardner's animus and Dakich's decision to prosecute. Instead, the record reflects that Gardner worked under Dakich's supervision

8

and that Dakich directed Gardner to sign the informations (not the other way around). This evidence is bolstered by the fact that Dakich continued with the prosecution even when the amended information was dismissed by filing a second amended information not signed by Gardner. This lack of evidence is fatal to Keaton's claim. Accordingly, Gardner is entitled to summary judgment in her favor on the Count IV retaliation claim.

### III. Conclusion

Without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983. That is the case here because there is no evidence upon which a reasonable jury could conclude that Gardner is responsible for any violation of Keaton's constitutional rights. Gardner is entitled to summary judgment in her favor on this basis and Keaton's motion to reconsider this ruling [dkt. 255] is **denied.**

This Entry resolves the claims against the remaining party. All other claims have been denied consistent with the Entries of September 9, 2013 (dkt. 205) and March 11, 2014 (dkts. 250 and 251). The defendants are each entitled to judgment as a matter of law. Judgment consistent with the Court's rulings shall now issue.

**IT IS SO ORDERED.**

Date: 12/16/2014

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARK KEATON
PO BOX 11208
Ft. Wayne, IN 46856

All Electronically Registered Counsel